# Illinois Official Reports

## Appellate Court

---

### *People v. Green*, 2014 IL App (4th) 120454

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DION GREEN, Defendant-Appellant. |
| | |
| District & No. | Fourth District<br>Docket No. 4-12-0454 |
| | |
| Filed<br>Rehearing denied | January 30, 2014<br>March 5, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Even if one of defendant's two underlying felony convictions was found unconstitutional in *Aguilar*, his negotiated guilty plea leading to his conviction for being an armed habitual criminal was not rendered void, since defendant had sufficient other felony convictions to satisfy the requirements of the armed habitual criminal statute. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 11-CF-459; the Hon. John Schmidt, Judge, presiding. |
| | |
| Judgment | Affirmed. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Amber Corrigan, all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>John Milhiser, State's Attorney, of Springfield (Patrick Delfino, David J. Robinson, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel          JUSTICE POPE delivered the judgment of the court, with opinion. Justices Holder White and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1      In August 2011, pursuant to a fully negotiated plea agreement, defendant pleaded guilty to armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2010)) in exchange for the State's agreement to dismiss two additional charges and to recommend a 10-year prison sentence.

¶ 2      One of the two underlying felony offenses the State used to satisfy the requirements of the armed habitual criminal statute was a prior conviction for aggravated unlawful use of a weapon (720 ILCS 5/24-1.6 (West 2000)). In September 2013, our supreme court held section 24-1.6(a)(1), (a)(3)(A) of the aggravated unlawful use of a weapon statute unconstitutional in *People v. Aguilar*, 2013 IL 112116. In December 2013, our supreme court modified its earlier opinion and emphasized its unconstitutionality finding is limited to the Class 4 form of the statute.

¶ 3      On appeal, defendant contends his fully negotiated guilty plea leading to a conviction for armed habitual criminal is void because one of the underlying offenses used to satisfy the armed habitual criminal statute, *i.e.*, aggravated unlawful use of a weapon, was found unconstitutional by our supreme court.

¶ 4      We affirm.

¶ 5                         I. BACKGROUND

¶ 6      In June 2011, the State charged defendant, Dion Green, by information with armed habitual criminal, a Class X felony (count I) (720 ILCS 5/24-1.7(a), (b) (West 2010)); aggravated assault, a Class 4 felony (count II) (720 ILCS 5/12-2(a)(6), (b) (West 2010)); and aggravated unlawful use of a weapon, a Class 2 felony (count III) (720 ILCS 5/24-1.6(a)(1), (a)(3)(C), (d) (West 2010)).

¶ 7      In August 2011, pursuant to a fully negotiated plea agreement, defendant pleaded guilty to armed habitual criminal (count I) in exchange for a 10-year prison sentence and the State's agreement to dismiss counts II and III. Prior to accepting the plea agreement, the trial court admonished defendant the offense of armed habitual criminal was a Class X felony, and defendant would be required to serve 85% of his sentence, followed by three years of mandatory supervised release (MSR). The factual basis given by the State for the offense, and stipulated to by defendant, was defendant was observed by police officers in possession of a silver handgun. Following a short foot pursuit, defendant was apprehended. Although he no longer had the firearm on his person, police found the handgun along the path defendant ran.

The State informed the court defendant had previous convictions for aggravated unlawful use of a weapon, a Class 2 felony, and manufacture and delivery of a controlled substance, a Class 1 felony; thus defendant satisfied the requirements of the armed habitual criminal statute. Pursuant to the agreement, the court sentenced defendant to 10 years' imprisonment for armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2010)). Defendant took no direct appeal.

¶ 8 In January 2012, defendant filed a postconviction petition asserting (1) ineffective assistance of trial counsel because he did not have three prior Class X felony convictions qualifying him for sentencing under the armed habitual criminal statute (720 ILCS 5/24-1.7(a) (West 2010)) and, thus, was not an armed habitual criminal; and (2) the three-year MSR term violated double jeopardy and due process. In April 2012, the trial court dismissed defendant's petition, finding it frivolous and without constitutional merit. In so concluding, the court noted contrary to defendant's assertion, the armed habitual criminal statute requires only two certain felony convictions rather than three. According to the court, defendant's convictions for aggravated unlawful use of a weapon and delivery of a controlled substance satisfied the armed habitual criminal statute. Further, the court found defendant's sentence did not violate his due process and double jeopardy rights because defendant agreed to the sentence. Defendant appealed.

¶ 9 In May 2012, the office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. In June 2013, OSAD filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Defendant filed additional points and authorities and the State responded. On September 16, 2013, OSAD filed a motion to withdraw its *Finley* motion following our supreme court's decision in *Aguilar*, 2013 IL 112116. This court allowed OSAD's motion. In October 2013, OSAD and the State both filed additional briefs. On December 19, 2013, after the issue in this case had been briefed by the parties, our supreme court issued a modified opinion upon denial of rehearing in *Aguilar* that limited its prior holding.

¶ 10                                    II. ANALYSIS

¶ 11 On appeal, the issue before us is whether our supreme court's recent decision in *Aguilar* renders defendant's conviction for armed habitual criminal void. Defendant contends his fully negotiated guilty plea leading to a conviction for armed habitual criminal is void because one of the underlying offenses used to satisfy the armed habitual criminal statute, *i.e.*, aggravated unlawful use of a weapon, was found unconstitutional by our supreme court. The State disagrees and asserts the fully negotiated plea agreement is valid because both the State and defendant received the benefit of the bargain and defendant was not prejudiced by the *Aguilar* decision. We agree with the State and affirm.

¶ 12 In *Aguilar*, our supreme court concluded the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d) of the aggravated unlawful use of a weapon statute is unconstitutional because it violates the second amendment's guarantee of the right to keep and bear arms. *Aguilar*, 2013 IL 112116, ¶ 22. That section provided as follows:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; [and]

***

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]" 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010).

¶ 13     In this case, it is unclear from the Cook County sentencing judgment whether defendant was previously convicted under the now-unconstitutional section of the aggravated unlawful use of a weapon statute because the sentencing judgment simply lists the applicable statute as "720 [ILCS] 5/24-1.6(A)(1)(3)." Count VIII of the 19-count indictment charged defendant with violating section 24-1.6(a)(1), (a)(3)(A) of the unlawful use of a weapon statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2000))–the Class 4 form of the section of the statute found unconstitutional in *Aguilar*. However, count IX charged defendant with violating section 24-1.6(a)(1), (a)(3)(C) of the aggravated unlawful use of a weapon statute (720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2000)), which deals with the possession of a firearm without a valid firearm owner's identification card. Without the corresponding "A" or "C" on the sentencing judgment, or if "A," the class of felony, this court is unable to determine whether defendant was convicted under the unconstitutional section of the statute. We note the description of the offense, "AGG UUW/VEHICLE/PREV CONVICTION" does not assist in our determination, nor are the "count" numbers associated with each offense on the mittimus correct. For example, the mittimus reflects count IV is the aggravated unlawful use of a weapon charge, but count IV charged defendant with aggravated battery with a firearm. According to the factual basis for the plea agreement provided by the State–and stipulated to by defense counsel–defendant's previous conviction for aggravated unlawful use of a weapon was a Class 2 felony. Thus, pursuant to the stipulated factual basis, following our supreme court's modified opinion, *Aguilar* does not apply.

¶ 14     Even if this court were to conclude defendant's conviction for aggravated unlawful use of a weapon fell under the Class 4 form of the section of the statute ruled unconstitutional in *Aguilar* (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)), we would not find his fully negotiated plea agreement invalid or his conviction for armed habitual criminal void. Here, the record reflects, in addition to defendant's conviction for aggravated unlawful use of a weapon, he was also convicted of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1 (West 2000)) and aggravated battery with great bodily harm (720 ILCS 5/12-4 (West 2000)) in the same proceedings. Further, defense counsel stipulated at the plea-agreement hearing defendant had a prior conviction for manufacture and delivery of a controlled substance, a Class 1 felony. The armed habitual criminal statute provides as follows:

- 4 -

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon ***; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7 (West 2010).

A "[f]orcible felony" includes, among other offenses, "aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2010). Here, defendant clearly has at least two prior felonies–other than the conviction for aggravated unlawful use of a weapon–that would satisfy the armed habitual criminal statute.

¶ 15 Our supreme court has recognized the plea-bargaining process is vital to our criminal justice system as it encourages "prompt disposition of cases, preserves finite judicial and financial resources, and allows the State to focus its prosecutorial efforts where they are most needed." *People v. Donelson*, 2013 IL 113603, ¶ 18. Plea agreements are enforceable contracts and, when appropriate, courts will apply contract law principles to plea agreements. *Id.* In this case, the State dropped two pending felony charges against defendant and agreed to a 10-year prison sentence in exchange for his guilty plea to armed habitual criminal. Although the *Aguilar* decision may have rendered defendant's conviction for aggravated unlawful use of a weapon unconstitutional–which is not demonstrated by the record before us–defendant had at least two other qualifying felony convictions that satisfied the armed habitual criminal statute. Defendant received the benefit of his bargain (two additional charges were dropped and a sentence agreed to) and he was not prejudiced (as the prosecutor could have listed another qualifying felony conviction and he received the benefit of his bargain). His fully negotiated plea agreement is not void and we decline to remand so defendant may withdraw his guilty plea.

¶ 16                                          III. CONCLUSION

¶ 17 For the reasons stated, we affirm. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 18 Affirmed.